2010-01298
FILED
April 13, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003418899

MARK L. POPE #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for Plaintiff, August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MICHELLE Y. WINSPUR,<br><br>Debtor.<br>_____<br><br>AUGUST B. LANDIS,<br>Acting United States Trustee,<br><br>Plaintiff,<br>v.<br><br>MICHELLE Y. WINSPUR,<br><br>Defendant.<br>_____ | Case No. 10-15803-B-7<br>Chapter 7<br><br>UST-001<br><br><br><br>A.P. No. 10-01298-B<br><br>DATE: April 13, 2011<br>TIME: 10:00 a.m.<br>PLACE: U.S. Bankruptcy Courthouse<br>Department B, Courtroom 12<br>2500 Tulare Street<br>Fresno, California<br>JUDGE: W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On April 13, 2010, the Court considered the Plaintiff's Motion for Default Judgment. Having reviewed the pleadings and considered the arguments of the parties, the Court now issues the following findings of fact and conclusions of law.

///

///

- 1 -

RECEIVED
April 13, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003418899

**Findings of Fact**

1. The Defendant filed a dissolution of marriage action in Tulare County Superior Court on June 3, 2009, case number 09-233006.

2. The Defendant is an attorney, Bar Number 200520.

3. On May 25, 2010, the Defendant filed for bankruptcy protection under chapter 7 of title 11.

4. At the time of filing of the bankruptcy petition, the Defendant was represented by Mark Zimmerman in the underlying bankruptcy case.

5. Beth Maxwell Stratton was assigned as the Chapter 7 Trustee. On September 22, 2010, Ms. Strain resigned as trustee and James Edward Salven was appointed as successor Trustee.

6. The initial meeting of creditors was scheduled for June 28, 2010.

7. The meeting of creditors has not been concluded.

8. At the July 8, 2010, continued meeting of creditors, the Defendant testified under penalty of perjury that she had listed all of her assets in her bankruptcy schedules.

9. On the voluntary petition, the Defendant signed in the box that states, "I declare under penalty of perjury that the information provided in this petition is true and correct."

10. The Defendant signed the Declaration Concerning Debtor's Schedules which states, "I declare under penalty of perjury that I have read the foregoing summary and schedules consisting of 31 sheets, and that they are true and correct to the best of my knowledge, information, and belief."

11. The Defendant signed the Statement of Financial Affairs which states, "I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct."

12. The Defendant's Schedule B lists the following property:

    a. Checking/Savings account located at: Bank of America   $1,500

| | | |
|---|---|---|
| b. | Household goods in Debtors [sic] possession | $3,000 |
| c. | Wearing apparel in Debtors [sic] possession | $500 |
| d. | 01' BMW in Ex-Husbands [sic] possession | $5,000 |
| e. | 01' Cadillac Escalade in Ex-Husbands [sic] possession | $20,000 |
| f. | 01 Harley Davidson in Ex-Husbands [sic] possession | $5,000 |
| g. | 06' BMW 58,000 Miles in Debtors [sic] possession | $28,000 |

13. The Defendant indicated 'none' for the following:

    a. Furs and jewelry;

    b. Firearms and sports, photographic, and other hobby equipment;

    c. Books, pictures and other art objects, antiques, stamps, coin, record, tape, compact disc, and other collections or collectibles; and

    d. Accounts receivable.

14. At the July 8, 2010, continued meeting of creditors, the chapter 7 Trustee noted that no jewelry was listed in the Defendant's schedules but that the Defendant was wearing jewelry at the meeting.

15. At the November 18, 2010, continued meeting of creditors, the chapter 7 Trustee noted that the Defendant was wearing a Rolex watch.

16. At the November 18, 2010, continued meeting of creditors, Chapter 7 Trustee James Salven instructed the Defendant to remove the watch. The watch was turned over to the Defendant's bankruptcy counsel and the Chapter 7 Trustee instructed counsel to safeguard the watch in his office and not to return it to the Defendant.

17. The Defendant has an ownership interest in the following property:

    a. 30-40 designer handbags;

    b. Channel pearl necklace;

    c. Woman's Rolex watch;

    d. Diamond/emerald/sapphire necklaces;

    e. Diamond/emerald/sapphire earrings;

  f. 200 pairs of brand name shoes;

  g. 50-60 designer women's suits;

  h. Campbell Soup painting by Andy Warhol;

  i. Original Batman sketch;

  j. Original Scarf artwork;

  k. Herbert Bayer original painting; and

  l. Herbert Bayer painting "Letter Z".

  18. On August 8, 2010, the Defendant executed a document titled "Declaration of Assets of Michelle Winspur and William Pietrantonio." In it the Defendant declares under penalty of perjury that she possess the following assets free and clear of any debt:

| | | |
|---|---|---|
| a. | Gold diamond necklace: | $700 |
| b. | Diamond ring: | $4,000 |
| c. | Diamond ring: | $1,200 |
| d. | Diamond bracelet: | $700 |
| e. | Sapphire diamond bracelet: | $400 |
| f. | Gold necklace: | $500 |
| g. | Two diamond rings: | $1,000 |
| h. | Sapphire diamond ring: | $800 |
| i. | Diamond earrings: | $600 |
| j. | Herbert Bayer lithograph: | $2,500 |
| k. | Pool table: | $800 |
| l. | Sports memorabilia: | $2,500-3,000 |
| m. | Three flat screen televisions: | $1,000 |
| n. | Chinese chest: | $1,000 |
| o. | Escalade: | $7,500 |
| p. | Harley Davidson: | $10,000 |

| | | |
|---|---|---|
| q. | BMW: | $6,000 |
| r. | Washer/Dryer: | $400 |
| s. | Fountain: | $300 |
| t. | Boxing equipment: | $1,500 |

19. The Defendant's estranged husband believes the items are worth significantly more than what is reported in the Defendant's August 8th Declaration, as follows:

| | | |
|---|---|---|
| a. | 30-40 designer handbags: | $10,000 |
| b. | Sports memorabilia collection: | $8,000 |
| c. | Jewelry collection: | $30,000 |
| d. | Campbell Soup paining by Warhol: | $30,000 |
| e. | Original Batman sketch: | $100,000 |
| f. | Original Scarf artwork: | $7,000 |
| g. | Herbert Bayer original painting: | $10,000 |
| h. | Herbert Bayer painting "Letter Z": | $10,000 |

20. On August 8, 2010, the Defendant executed a document titled "Declaration of Funds Owed to Michelle Winspur For [sic]." In it the Defendant declares under penalty of perjury that she is owed the following funds for services rendered:

| | | |
|---|---|---|
| a. | DALE [last name redacted] | $4,000 |
| b. | ARTHUR [last name redacted] | $4,500 |
| c. | SEAN [last name redacted] | $4,500 |
| d. | FRANK [last name redacted] | $3,000 |
| e. | JOSEPH [last name redacted] | $500 |
| f. | JEFFREY [last name redacted] | $1,000 |
| g. | DAVID [last name redacted] | $3,000 |
| h. | MANUAL [last name redacted] | $1,400 |
| i. | EDWARD [last name redacted] | $2,500 |

       j. CHRISTIAN [last name redacted]       $2,800

21. The Defendant indicated she had no creditors holding unsecured priority claims on Schedule E.

22. At the July 8, 2010, continued meeting of creditors, the Defendant testified that the last tax return she filed was three years ago.

23. The Defendant's Statement of Financial Affairs, question 1, indicates she received employment income in 2008 and 2009.

24. The Internal Revenue Service and the California Franchise Tax Board are not listed in the Defendant's schedules.

25. The Defendant lists herself as "Self-Employed" on Schedule I and indicates zero income. The Statement of Financial Affairs indicates no income received in 2010.

26. The Defendant is an attorney who has represented clients both prior to and during the pendency of the underlying bankruptcy case.

27. Tara K. Howard, an attorney familiar with the Defendant, prepared a Declaration on December 1, 2010, indicating she has personally seen the Defendant representing clients in the Tulare County Superior Court.

28. On the Statement of Financial Affairs, question 4, titled "Suites and administrative proceedings, executions, garnishments, and attachments," the Defendant indicated "none."

29. The Defendant filed a dissolution of marriage on June 3, 2009, in the Tulare County Superior Court, case number 09-233006.

30. On the Statement of Financial Affairs, question 18, titled "Nature, location and name of business," the Defendant indicated "none."

31. The Defendant was a self-employed attorney within the six years prior to filing the underlying bankruptcy case.

32. To date, no amendments have been made to the Defendant's Statement of Financial Affairs or her bankruptcy schedules.

**Conclusions of Law**

**A. Default Judgment**

The Plaintiff requests default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure. The Plaintiff is entitled to entry of judgment by default as a matter of law because the Defendant has failed to appear, answer or otherwise defend in this action. The Plaintiff's evidentiary submissions are sufficient proof of the elements necessary to grant relief as requested in the Complaint.

Service of the Complaint by first class mail to the Defendant's residence. Fed. R. Bankr. P. 7004(b)(1).

The Plaintiff has standing to bring this proceeding under 11 U.S.C. §§ 727(c)(1) and 307. Under 11 U.S.C. § 307, the United States Trustee may arise and be heard on any issue in any case or proceeding under title 11.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. §727(a).

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Venue is appropriate in this Court. 28 U.S.C. § 1409(a).

**B. Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A)**

Section 727(a)(4)(A) of the Bankruptcy Code states that the court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

The false oath or account must relate to a "material fact." In re Wills, 243 B.R. 58, 62 (9th Cir. BAP 1999), citing In re Aubrey, 111 B.R. 268, 274 (9th Cir. BAP 1990). The "false oath" may be a false statement or an omission in the schedules. Id., citing In re Beaubouef, 966 F.2d 174, 178 (5th Cir. 1992). A bankruptcy discharge is a privilege and may only be granted to the honest debtor. In re Leija, 270 B.R. 497, 501 (Bankr. E.D. Cal. 2001), citing In

re Dubrowsky, 244 B.R. 560, 572 (E.D.N.Y. 2000). The purpose of laws such as § 727(a)(4) is, "To make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs." In re Leija, 270 B.R> at 501, citing In re Tully, 818 F.2d 106, 110 (1st Cir. 1987).

When the debtor signs and files his or her bankruptcy schedules, he or she attests, under penalty of perjury, that the facts represented therein, including the disclosure of assets, is complete and accurate. The signing and verification of bankruptcy schedules under penalty of perjury constitute an "oath" for purposes of Section 727(a)(4). In re Leija, 270 B.R. at 502.

The Defendant's schedules fail to fully and accurately disclose valuable assets or misstates the value of assets as follows:

    a.    WEARING APPAREL: The Defendant valued her wearing apparel at $500. However, it appears the Defendant owns numerous designer suits, shoes, and handbags that have significant value.

    b.    VEHICLES: The Defendant valued her 2001 BMW at $5,000 Schedule B, but in her Declaration dated August 8th she values it at $6,000. The same goes for the Harley Davidson which was valued at $5,000 on Schedule B, but listed as having a value of $10,000 in her August 8th Declaration.

    c.    JEWELRY: The Defendant lists owning no jewelry on Schedule B, but she appeared at at least two meetings of creditors wearing expensive jewelry and admitted to owning at least $9,000 in jewelry in her August 8th Declaration. The Defendant's estranged husband believes the value of the jewelry is at least $38,000.

    d.    SPORTS AND HOBBY EQUIPMENT: The Defendant lists owning no sports or hobby equipment on Schedule B. However, in her August 8th Declaration, she admitted to owning a pool table and boxing equipment which she valued at $2,300.

    e.    ARTWORK AND COLLECTIBLES: The Defendant lists owning no artwork or collectibles on Schedule B. However, in her August 8th Declaration, she admitted to owning several valuable pieces of artwork and a sports memorabilia collection, which she valued at between $5,000 and $5,500. The Defendant's estranged husband believes that the Defendant did not disclose all the artwork, and that the artwork and sports collection is worth a total of at least $157,000.

    f.    ACCOUNTS RECEIVABLE: The Defendant lists owning no accounts receivable on Schedule B. The Defendant's August 8th Declaration indicates she had accounts receivable in at least $27,500.

The Defendant made additional material misstatements by omitting the following from her schedules and Statement of Financial Affairs:

    a. Failed to list the Internal Revenue Service and the California Franchise Tax Board when she knew she had not filed tax returns for the last three years;

    b. Failed to disclose a pending dissolution of marriage action that she had filed;

    c. Failed to disclose her self-employment activities in her Statement of Financial Affairs, question 18; and

    d. Erroneously listed her income as $0 on Schedule I when she is actively working and receiving income.

The case was filed on May 25, 2010, and no amendments have been made to correct her schedules or the Statement of Financial Affairs.

These non-disclosures are material. The property has significant value which will benefit creditors upon the chapter 7 trustee's recovery and liquidation of the non-disclosed assets.

The non-disclosure of the Internal Revenue Service and the California Franchise Tax Board is material because neither agency has received notice of this bankruptcy and, therefore, are unaware of the chapter 7 trustee's intent to liquidate estate property.

The non-disclosure of the self-employment activity and her income is material because based on her income in prior years, it appears likely that she might not qualify for chapter 7 relief under 11 U.S.C. § 707(b)(1).

The omissions and misstatements were made knowingly and fraudulently. Given the number of omissions and misstatements and her own contradicting declarations, the Defendant knew she had failed to disclose significant assets and information.

The Defendant is a practicing attorney. As such, she, above other debtors in bankruptcy, should understand the importance of carefully reviewing any document signed under penalty of perjury. Despite this, she signed the voluntary petition, the declaration concerning the schedules, and the Statement of Financial Affairs, even thought he documents

contained significant errors and omissions.

The Defendant, as an attorney, is specially trained to conduct her business with accuracy. She, above anyone else, should understand the importance of presenting accurate legal documents in any judicial proceeding.

### Conclusion

For the foregoing reasons, the Court concludes that the discharge of the Defendant, Michelle Y. Winspur, is denied.

**A separate order granting the Plaintiff's Motion for Default Judgment shall be entered.**

Dated: April 13, 2011

W. Richard Lee
United States Bankruptcy Judge